762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
FELIX WISEMAN, DEFENDANT-APPELLANT.
 NO. 84-1300
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; KRUPANSKY, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Felix Wiseman, appealed from a jury conviction on two counts of distributing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1). At trial, a postal inspector, who posed as a postal employee, testified that defendant, a postal employee, sold him marijuana on two occasions. He also testified that before he had purchased marijuana from the defendant he had observed defendant sell marijuana to a postal employee, and that ten days after he had made his second purchase from defendant, he observed the defendant offer to sell marijuana to another postal employee.
 
 
 2
 Defendant's first assignment of error on appeal was that his sixth amendment right to the assistance of counsel was violated when, during closing argument, the district court restricted defense counsel's discussion of the history of jury independence and 'jury nullification.' This court has stated that the present law of jury nullification does not require or permit a judge to instruct the jury that it has the right to ignore the law as charged, but does 'allow a defense attorney some leeway in persuading the jury to acquit out of considerations of mercy or obedience to a higher law.' United States v. Burkhart, 501 F.2d 993, 997 n. 3 (6th Cir. 1974) cert. denied, 420 U.S. 946 (1975). A review of the record discloses that in his summation, defense counsel was, in fact, permitted 'some leeway' to argue about jury independence. The district court's limitation of defense counsel's argument, therefore, was not an abuse of the court's discretion to control summation and did not deny defendant his sixth amendment right to the assistance of counsel.
 
 
 3
 Defendant next argued that the prosecutor made certain improper comments during its closing and rebuttal argument which require reversal of the case. When analyzing charges of prosecutorial misconduct, the court considers:
 
 
 4
 the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.
 
 
 5
 United States v. Leon, 534 F.2d 667, 669 (6th Cir. 1976). Most of the challenged remarks were made in rebuttal to defense counsel's attack on the credibility of the postal inspector and its appeal to the jury that it exercise independence in its deliberations. The prosecutor's comments were not improper and, thus, do not provide a basis for reversal.
 
 
 6
 Defendant's final contention was that the district court erred by allowing the postal inspector to testify that defendant offered to sell marijuana to another postal employee ten days after the second sale of marijuana for which defendant was charged. At trial, defendant objected to the introduction of this evidence solely on relevancy grounds. The trial court did not abuse its discretion in admitting the evidence and, in any event, any error in admitting the testimony would be harmless in light of the other evidence concerning defendant's sales of marijuana.
 
 
 7
 In view of the foregoing, the judgment of the district court is AFFIRMED.